DEFENDANT: JESSE JESUS DUENAS
CASE NUMBER: CR-03-00051

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of 92 months, with credit for time served, which is approximately nine days. While imprisoned, the defendant shall participate in a drug treatment program and any vocational or educational programs.

X The court makes the following recommendations to the Bureau of Prisons:
**TERMINAL ISLAND, SAN DIEGO**

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

FILED
DISTRICT COURT OF GUAM
SEP 28 2005
MARY L.M. MORAN
CLERK OF COURT

## RETURN

I have executed this judgment as follows:

Defendant delivered on 03-25-2005 to FCI McKean

at Bradford PA 16701, with a certified copy of this judgment.

James F. Sherman Warden
UNITED STATES MARSHAL

By W Youngs, L.I.E.
DEPUTY UNITED STATES MARSHAL

U.S. MARSHALS-GUAM
RECEIVED
24 DEC 2003 09 31

# UNITED STATES DISTRICT COURT

District of GUAM

UNITED STATES OF AMERICA
V.
JESSE JESUS DUENAS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **CR-03-00051**

**JOHN GORMAN, Federal Public Defender**
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) II

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

FILED
DISTRICT COURT OF GUAM
DEC 23 2003
MARY L. M. MORAN
CLERK OF COURT

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§922(j) and 924(a)(2) | RECEIVING STOLEN FIREARMS | 04/12/2002 | II |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

X Count(s) I X is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 01/22/1963

Defendant's USM No.: 02369-093

Defendant's Residence Address:

338D BLAS DELA CRUZ STREET
AGAT, GUAM 96928

Defendant's Mailing Address:

Other Soc. Sec. No. Used: 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
Other D.O.B. Used: 01/22/1965

12/17/2003
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN S. UNPINGCO, U.S. DISTRICT COURT JUDGE
Name and Title of Judicial Officer

DEC 2 3 2003
Date

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: ______
Deputy Clerk

19 AUG 2005 14 00 01
RECEIVED
U.S. MARSHALS--GUAM

DEFENDANT: JESSE JESUS DUENAS
CASE NUMBER: CR-03-00051

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term three years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**

**The defendant shall not illegally possess a controlled substance.**

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JESSE JESUS DUENAS
CASE NUMBER: CR-03-00051

## ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL OBEY ALL FEDERAL, STATE AND LOCAL LAWS.

2. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE.

3. DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES AND SHALL SUBMIT TO ONE URINALYSIS WITHIN 15 DAYS AFTER RELEASE FROM IMPRISONMENT AND TO TWO MORE URINALYSIS THEREAFTER.

4. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

5. DEFENDANT SHALL SUBMIT TO ANY METHOD OF TESTING AS APPROVED BY THE U.S. PROBATION OFFICE FOR DETERMINING WHETHER THE DEFENDANT IS USING A PROHIBITED SUBSTANCE OR ALCOHOL. SUCH METHODS MAY INCLUDE URINE TESTING, THE WEARING OF A SWEAT PATCH, ALCOHOL TESTING SYSTEM, AND/OR ANY FORM OF PROHIBITED SUBSTANCE SCREENING OR TESTING.

6. DEFENDANT SHALL UNDERGO A SUBSTANCE ABUSE ASSESSMENT APPROVED BY THE U.S. PROBATION OFFICE, AND SHALL SUBMIT TO ANY RECOMMENDED TREATMENT AS A RESULT OF THAT ASSESSMENT. THE DEFENDANT SHALL ALSO MAKE CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

7. DEFENDANT SHALL PERFORM 300 HOURS OF COMMUNITY SERVICE UNDER THE DIRECTION OF THE U.S. PROBATION OFFICE.

DEFENDANT: JESSE JESUS DUENAS
CASE NUMBER: CR-03-00051

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ 635.00 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| George H. Hollingsworth | $635.00 | $635.00 | 100.00% |
| TOTALS | $ $635.00 | $ $635.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JESSE JESUS DUENAS
CASE NUMBER: CR-03-00051

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A X Lump sum payment of $ ______________ due immediately, balance due

☐ not later than ____________________, or
X in accordance with ☐ C, ☐ D, or X E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in __________ (e.g., equal, weekly, monthly, quarterly) installments of $ ____________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in __________ (e.g., equal, weekly, monthly, quarterly) installments of $ ____________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Special instructions regarding the payment of criminal monetary penalties:

**DEFENDANT IS ORDERED TO PAY RESTITUTION IMMEDIATELY TO THE VICTIM, GEORGE H. HOLLINGSWORTH, IN THE SUM OF $635.00, IF THE PISTOL IS NOT IN GOOD WORKING ORDER AND A REPLACEMENT NEEDS TO BE OBTAINED . IF THE PISTOL IS IN GOOD WORKING ORDER AND RETURNED, THEN THE DEFENDANT DOES NOT HAVE TO PAY THE RESTITUTION. THE VICTIM'S ADDRESS SHALL BE PROVIDED TO THE COURT BY THE U.S. PROBATION OFFICE UNDER SEPARATE COVER.**

**THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $100.00 TO BE PAID IMMEDIATELY AFTER SENTENCING OR DURING HIS TERM OF IMPRISONMENT OR SUPERVISED RELEASE.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.